## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 12-10232-02-EFM

TERRY REVELS,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Terry Revel's Motion to Reduce Sentence (Doc. 237). He seeks a reduction in sentence to time served because he would no longer qualify as a career offender and his guideline range would be greatly reduced. The Government opposes Defendant's motion. For the reasons stated in more detail below, the Court grants Defendant's motion.

### I.        Factual and Procedural Background

On March 25, 2013, Defendant pleaded guilty, without a plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113. On June 10, 2013, Defendant was sentenced to 235 months' imprisonment. Defendant is currently incarcerated at Sheridan FCI, and his projected release date is October 27, 2028.

On October 31, 2023, Defendant filed a motion seeking a sentence reduction to time served.[1]  He states that his term of imprisonment should be reduced because if he was sentenced today, he would no longer qualify as a career offender and thus his guideline range would be greatly reduced. The government opposes his motion.

## II.    Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met.  First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2]  Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, district courts use a three-step test when deciding a defendant's motion.[4]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[1] Defendant is represented by counsel.

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[5] *McGee*, 992 F.3d at 1042-43 (citations, internal quotation marks, and emphasis omitted).

addressing all three factors.[6]  If, however, the Court grants the motion, the Court must address all steps.[7]

### III.    Analysis

Defendant seeks a sentence reduction because he would no longer qualify as a career offender due to changes in the law, and thus he would be placed in criminal history category IV instead of VI.   Being placed in criminal history category IV would reduce his sentencing guideline range from 188-235 months to 92-115 months.   Defendant has already served 132 months of his 235-month imprisonment and requests a sentence reduction to time served.   The government asserts that Defendant is not an appropriate candidate for a sentence reduction.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden of his facility,[8]  and the government concedes that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

### B.    Extraordinary and Compelling Reasons

Defendant asserts that he would no longer qualify as a career offender because his prior conviction for Kansas aggravated robbery no longer qualifies as a crime of violence under U.S.S.G. § 4B1.2.   Because he no longer qualifies as a career offender, his criminal history

---

[6] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[7] *McGee*, 992 F.3d at 1043 (citation omitted).

[8] This request is dated September 8, 2022, but the Court presumes the appropriate date is September 8, 2023.

category decreases from VI to IV.  And that reduction reduces his sentencing range from 188-235 months to 92-115 months.

In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[9]   On November 1, 2023, the Sentencing Commission issued new sentencing guidelines.[10]  The Sentencing Commission's policy statement is now incorporated into the text of the guidelines, and it includes six categories of extraordinary and compelling reasons.[11]

The Sentencing Commission recently added an extraordinary and compelling reason that provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[12]

The Sentencing Commission also makes clear that "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

[10] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[11] U.S.S.G. § 1B1.13(b)(1)-(6).

[12] *Id.* at § 1B1.13(b)(6).

retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."[13]

Here, Defendant filed his motion one day prior to the implementation of the new sentencing guidelines. The government discusses the newly added U.S.S.G. § 1B1.13(b)(6) and asserts that Defendant arguably attempts to place his claim into § 1B1.13(b)(6). Defendant did not discuss the new sentencing guidelines nor file a reply to the government's discussion of § 1B1.13(b)(6).[14] Nevertheless, the Court will consider Defendant's motion and whether his circumstances fall within § 1B1.13(b)(6) as that is the only avenue for him to present an extraordinary and compelling reason for release,[15] and the Court must ensure its ruling comports with the now-applicable law.

Here, Defendant was sentenced to 235 months for armed bank robbery. The Court notes that at the time the sentence was imposed, there were unusual underlying circumstances in Defendant's case which affected his criminal history calculation. Defendant had two prior convictions for robbery, occurring on September 22, 1992, in both Missouri and Kansas, that counted against his criminal history. Due to an irregularity that occurred in his Missouri case, Defendant's sentence was imposed on October 7, 1998, but Defendant had already commenced and completed the five-year Missouri sentence.[16] Thus, although Defendant had already completed the sentence, because the imposition of the sentence occurred within fifteen years of

---

[13] *Id.* at § 1B1.13(c).

[14] Defendant also specifically stated that he was not asking the Court to apply Amendment 821, which limits the impact of status points.

[15] None of the provisions in § 1B1.13(b)(1)-(5) are applicable.

[16] His Missouri sentence ran concurrently with his Kansas sentence, and he was in Kansas custody the entire time. Thus, his Missouri sentence began on September 22, 1992, and ended five years later in September 1997. He was paroled on his Kansas sentence on September 21, 2012.

the crime committed in this case (October 18, 2012), it counted against him.[17]  The addition of that offense, as well as the Kansas offense, increased his criminal history and made him a career offender with a guideline sentence of 188-235 months.  The Court sentenced Defendant to 235 months.

Defendant also meets the requirement in U.S.S.G. § 1B1.13(b)(6) of serving at least 10 years of his sentence because he has served 132 months.  In addition, Defendant would no longer qualify as a career offender because his prior Kansas conviction for aggravated robbery no longer qualifies as a crime of violence.[18]  Finally, there is a gross disparity between the 235-month imprisonment term being served with the current guideline range of 92-115 months' imprisonment.  Accordingly, considering all these individualized circumstances, the Court finds that Defendant establishes an extraordinary and compelling reason.

## C.    Section 3553(a) Factors

The Court must also consider the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[19]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and

---

[17] Had the sentence been imposed and completed by October 17, 1997, the Missouri offense would not have counted as a prior offense against him.  Instead, it counted against him because the sentence was imposed 14 years earlier.

[18] *See United States v. Bong*, 913 F.3d 1252, 1259-60, 1267 (10th Cir. 2019).  The government does not contest Defendant's calculation of his guideline range under the current sentencing scheme and also concedes that if sentenced today, Defendant would not be considered a career offender.

[19] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[20]

The government candidly states that this matter comes down to whether Defendant can satisfy these factors. It argues that Defendant cannot. The government highlights Defendant's previous offenses and contends that although Defendant technically is not a career offender, his criminal history demonstrates extremely violent offenses over the past several years.

Defendant's offenses occurred in 1992 and 2012.[21] The armed robbery offenses in 1992 occurred on the same day, and Defendant was not the individual with the firearm in those cases. The Court recognizes that Defendant committed the 2012 offense soon after being released from prison. Yet, Defendant has been imprisoned for 12 years, and is doing well in prison. Defendant is employed in the BOP and works in the kitchen. He has had no disciplinary history for the past eight years, and he also has participated in BOP programming. In addition, Defendant has a stable release plan and family support to assist him after release as he plans to relocate and live with his niece in Washington. Based on the lower guidelines range, the length of time served, Defendant's demonstrated rehabilitation in prison over the past eight years, and the stable release plan, the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the public.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 237) is **GRANTED**.

---

[20] 18 U.S.C. § 3553(a).

[21] The Court notes that Defendant also had offenses prior to 1992.

**IT IS SO ORDERED**.

Dated this 15th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE